**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 22 2003

JAMES W. McCORMACK, CLERK
By:_____
　　　　　　　　DEP CLERK

IN THE UNITED STATES DISTRICT COURT OF ARKANSAS
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SAHSHKUMAR "STEVE" PATEL and VIJAY PATEL | | PLAINTIFFS |
| VS. | CASE NO.: 4-03-CV-00772 GH | |
| WAFFLE HOUSE, INC. AND OZARK WAFFLES, L.L.C. | | DEFENDANTS |

This case assigned to District Judge _Howard_
and to Magistrate Judge _Cavaneau_

## COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT INJUNCTIVE RELIEF, AND DAMAGES

1. Plaintiffs, Sahshkumar "Steve" Patel and Vijay Patel, bring this action to redress the injuries they suffered and continue to suffer as a result of Defendants' racially discriminatory actions at the Waffle House Restaurant located at 8107 Geyer Springs Road, Little Rock, AR 72209, ("Little Rock Waffle House").

2. On October 13, 2001, on account of Plaintiffs' race, Defendants refused to serve Plaintiffs and/or barred them from entering the restaurant. By these and other actions, Defendants have (1) denied Plaintiffs the right to make and enforce contracts on the same basis as white citizens in violation of 42 U.S.C. § 1981, (2) denied Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Little Rock Waffle House on the basis of race, in violation of 42 U.S.C. § 2000 and Arkansas Civil Rights and Trade Practice Laws, and (3) committed an unfair or deceptive act or practice in violation of Arkansas Civil Rights and Trade Practice Laws.

3. Plaintiffs thus seek compensatory and punitive damages and an injunction directing Defendants to desist from and remedy their illegal conduct.

1

## PARTIES

4. Plaintiff Sahshkumar "Steve" Patel is of Indian descent and a citizen of the United States. At all times relevant to this Complaint, Plaintiff Sahshkumar "Steve" Patel is a resident of Little Rock, Arkansas.

5. Plaintiff Vijay Patel is of Indian descent and a citizen of the United States. At all times relevant to this Complaint, Plaintiff Vijay Patel is a resident of Rowlett Texas.

6. Waffle House, Inc., a Georgia Corporation doing business in the State of Arkansas. Its corporate headquarters is at 5986 Financial Drive, Norcross, GA 30071.

7. Ozark Waffles, L.L.C., a Georgia Corporation doing business in the State of Arkansas. Its corporate headquarters is at 5305 McClanahan Drive, Suite E-3N, North Little Rock, Arkansas 72116.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiffs' 42 U.S.C. §§ 1981 and 2000a claims pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000a-6.

9. This Court has supplemental jurisdiction over Plaintiffs' Arkansas Civil Rights and Trade Practice Laws claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Eastern District, Western Division of Arkansas pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the allegations in this Complaint occurred within the Eastern District of Arkansas.

## FACTS

11.     On October 13, 2001, Plaintiffs arrived at the Little Rock Waffle House on 8107 Geyer Springs Road, Little Rock, AR 72209 (Little Rock Waffle House).

12.     The Little Rock Waffle House is "Open 24 hours a day, 365 days a year including Thanksgiving and Christmas" and/or "Always Open," at the express direction of Defendant Waffle House, Inc. pursuant to the undisclosed terms of a written franchise agreement.

13.     At the Little Rock Waffle House, food orders are taken by wait staff at the tables or at the counter, prepared in the kitchen, and then delivered to the tables or the counter by the wait staff. Customers may also place to-go orders at the counter.

14.     The Plaintiffs, of Indian descent, went to the Little Rock Waffle House on October 13, 2001 at 4:00 a.m. after Steve Patel picked up his brother Vijay Patel from the airport..

15.     The Plaintiffs entered and sat down at a booth for approximately 5 to 10 minutes. The Plaintiffs' entrance was acknowledged with stares from diners and the Little Rock Waffle House workers.

16.     Defendant Little Rock Waffle House had several other customers that they were serving that evening.

17.     A young woman who was wearing street clothes, presumably an off duty employee of Defendant Little Rock Waffle House, came to there table and asked them what they wanted to drink.

18.     She then gave the order to the waitress behind the counter.

19.     Another 10 - 15 minutes went by and Plaintiffs were being passed by, not being presented a menu or their drinks and were being totally ignored by the Defendant Little Rock

Waffle House employees.

20.     During this time, other customers came in and were served food and drink by Defendant Little Rock Waffle House.

21.     After about 15 minutes, the off duty employee reminded the waitress behind the counter that Plaintiff's were waiting to be served.

22.     The waitress waved her hand at them and said in a loud voice "tell them we are not taking any more orders." The off duty employee appeared shocked at the employee's response, but did nothing.

23.     As Plaintiffs got up to leave, the other patrons, that had come in after them, were snickering and laughing at them .

24.     At all times relevant to the events described above, the wait staff and cooking staff of the Little Rock Waffle House were acting within the scope of their employment as employees, agents, and/or representatives of Defendants Waffle House, Inc. and Ozark Waffles L.L.C.

25.     At all times relevant to the events described above, upon information and belief, the Little Rock Waffle House restaurant was operated pursuant to an undisclosed written franchise agreement between Defendants Waffle House, Inc., and Ozark Waffles, L.L.C., including but not limited to: the use of the Waffle House service and trademarks, copyrights, slogans, insignia, formats, advertising, marketing strategies, and operations techniques.  Upon information and belief, pursuant to said undisclosed franchise agreement, Defendants Waffle House, Inc. retains control over aspects of Ozark Waffles, L.L.C.'s operation of Waffle House restaurants, including but not limited to: restaurant layout and appearance, menu items, supplies, quality standards, management training, location, and use of Waffle House slogans, insignia,

trademarks, and advertising.

26.     On October 13, 2001, Defendants, acting through their employees, agents and/or representatives, refused to serve or otherwise deny Plaintiffs food because of their race. Defendants' actions were undertaken with racially discriminatory animus for the purpose of denying Plaintiffs' equal treatment on the basis of race.

27.     The discriminatory practices described above were carried out (a) at the direction of and with the consent, encouragement, knowledge, and ratification of Defendants; (b) under Defendants' authority, control and supervision; and/or (c) within the scope of the employees' employment.

28.     The conduct by Defendants and their employees, agents, and/or representatives, complained of as described above, denied Plaintiffs the right to make and enforce contracts on the same basis as other races and violated Plaintiffs' right to the full and equal enjoyment of the public accommodations owned and operated by Defendants', Ozark Waffles, L.L.C. and/or Waffle House, Inc.

29.     By the conduct of Defendants and their employees, agents, and /or representatives, complained of as described above, Defendants conspired to interfere with Plaintiffs' right to the full and equal enjoyment of the public accommodations owned and operated by Defendants' Ozark Waffles, L.L.C. and/or Waffle House, Inc.

30.     Defendants have not engaged in good faith efforts to comply with 42 U.S.C. § 1981. In fact, Defendants have received numerous complaints and have been the subject of several lawsuits regarding civil rights violations at its restaurants but have done nothing to remedy the problems brought to their attention. Upon information and belief, Defendants have approved of and acquiesced in numerous violations of the rights of Americans of Indian descent,

engaging in a pattern or practice of racial discrimination.

31. Through the actions of their employees, agents, and/or representatives described above, Defendants acted intentionally, maliciously, and with willful, callous, wanton, and reckless disregard for Plaintiffs' federally protected rights.

32 Plaintiffs are likely to suffer injury from Defendants' discriminatory practices in the future. Plaintiffs have developed a taste for Waffle House food, have been a frequent customer of Waffle House restaurants as they travel from place to place. There are numerous Waffle House restaurants, including franchises owned by Defendant Ozark Waffles, L.L.C., in several areas, located conveniently across the United States.

33. As a proximate result of the actions of Defendants described above, Plaintiffs have suffered, continue to suffer, and will in the future suffer, great and irreparable loss and injury, including but not limited to, economic loss, humiliation, embarrassment, emotional distress, mental anguish, and a deprivation of rights to make and enforce contracts on the same basis as other races. For these injuries, Plaintiffs seeks compensatory damages.

34. Because Defendants acted intentionally and maliciously, and with callous and reckless disregard for Plaintiffs' federally-protected and state-protected rights, Plaintiffs also seeks punitive damages.

## COUNT I
## 42 U.S.C. § 1981

35. Plaintiffs realleges and incorporates by reference Paragraphs 1 through 34, as if set forth fully herein.

36. By the actions described above, Defendants have denied Plaintiffs the same right to make and enforce contracts as is enjoyed by other races of the United States, in violation of 42

U.S.C. § 1981.

## COUNT II
## 42 U.S.C. § 2000A(b)(2)

37. Plaintiffs realleges and incorporates by reference Paragraphs 1 through 36, as if set forth fully herein.

38. The Little Rock Waffle House, owned and operated by Defendants Ozark Waffles L.L.C. and/or Waffle House, Inc., is a place of public accommodation within the meaning of 42 U.S.C. § 2000a(b)(2).

39. By the actions described above, Defendants have denied Plaintiffs the full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations of the Little Rock Waffle House on the basis of race, in violation of 42 U.S.C. § 2000a.

## COUNT III
## ARKANSAS CIVIL RIGHTS AND TRADE PRACTICE LAWS

40. Plaintiffs re-allege and incorporates by reference Paragraphs 1 through 39, as if set forth fully herein.

41. By the actions described above, Defendants have conspired to interfere with Plaintiffs' full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations on the basis of race, in violation of Arkansas Civil Rights and Trade Practice Laws.

42. By the actions described above, Defendants have used force, repeated harassment, and/or violence in order to deny Plaintiffs the full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations on the basis of race, in violation of Arkansas Civil Rights and Trade Practice Laws.

## COUNT IV
## ARKANSAS CIVIL RIGHTS AND TRADE PRACTICE LAWS

43. Plaintiffs re-alleges and incorporates by reference Paragraphs 1 through 42, as if set forth fully herein.

44. The operations of the Little Rock Waffle House are in or affect commerce within the meaning of Arkansas Civil Rights and Trade Practice Laws.

45. By the actions described above, Defendants engaged in unfair or deceptive trade practices in violation of Arkansas Civil Rights and Trade Practice Laws

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court grant them relief as follows:

a. enter a declaratory judgment finding that the actions of Defendants alleged in this Complaint violated 42 U.S.C. §§ 1981 and 2000a, and Arkansas Civil Rights and Trade Practice Laws;

b. enter a permanent injunction barring Defendants from continuing to engage in the illegally discriminatory conduct alleged in this Complaint;

c. enter a permanent injunction directing that Defendants take all affirmative steps necessary to remedy the effects of the illegally discriminatory conduct alleged in this Complaint and to prevent repeated occurrences in the future;

d. award compensatory damages in an amount that would fully compensate Plaintiffs for the economic loss, humiliation, embarrassment, emotional distress, and mental anguish caused by Defendants' violation of the law alleged in this Complaint in the sum of $80,000.00;

e. award punitive damages in an amount that would punish Defendants for the

willful, wanton and reckless misconduct alleged in this Complaint and that would effectively deter Defendants from future discriminatory behavior in the sum of $1,920,000.00;

f. award Plaintiffs their reasonable attorneys' fees and costs; and

g. order all other relief deemed just and equitable by this Court.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable as of right.

This, the 18th day of September, 2003

Respectfully submitted,

_____
Max M. Horner Jr. #2001067
ALEXANDER LAW FIRM
1500 West Main street
Jacksonville, AR 72076
(501) 982-0525

### CERTIFICATE OF SERVICE

I, Max M. Horner Jr. attorney for the Plaintiffs Sahshkumar "Steve" Patel and Vijay Patel, in this matter hereby certify that a true and correct copy of the foregoing was served, via U.S. mail with sufficient postage On the below listed Registered Agent for Waffle House, Inc. and Ozark Waffles, LLC, on this 18th day of September, 2003.

| | |
|---|---|
| Jacqueline Hooven | Greg Newman |
| Ozark Waffles, LLC | Waffle House, Inc. |
| 5305 McClanahan Drive, Suite E-3N | 5968 Financial Dr. |
| North Little Rock, AR 72116 | Norcross, Georgia 30071 |
| (501) 771-2063 | |

_____
Max M. Horner